UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Foodservice, Inc.,

    Plaintiff,

v.                                                                    Civ. No. 04-4548 (JNE/JGL)
                                                                  ORDER

Mark Rezac,

    Defendant.

---

Gregory J. Stenmoe, Esq., Briggs and Morgan, P.A., appeared for Plaintiff U.S. Foodservice, Inc.

Charles Friedman, Esq., Friedman Law Office, appeared for Defendant Mark Rezac.

---

U.S. Foodservice, Inc. (USF) brought this action against its former employee, Mark Rezac, for breach of contract, misappropriation of trade secrets, tortious interference with business relations, and unjust enrichment. Rezac asserted counterclaims for tortious interference with business relations and failure to pay earned compensation. USF now moves to dismiss Rezac's counterclaims and for sanctions. For the reasons set forth below, the Court grants in part the motion to dismiss the counterclaims and denies the motion for sanctions.

## I.     BACKGROUND

USF is a food distributor. After working for USF and its predecessor for almost fifteen years as a sales representative, Rezac resigned on March 5, 2004. After his resignation, Rezac consulted with restaurants to assist them in reducing the costs of their purchases from food distributors. In Count I of his counterclaims, he asserts that USF failed to pay him compensation he earned before his resignation. Specifically, he alleges that USF failed to reimburse him for business expenses, that he earned "Points of Focus" awards for which he was not compensated,

1

and that USF failed to pay his bonus for the fourth quarter of 2003. In Count II, Rezac asserts that USF has interfered with his existing and prospective business relations.

## II.   DISCUSSION

USF moves to dismiss Rezac's counterclaims pursuant to Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure. In the alternative, USF moves for summary judgment on his counterclaims. Because USF filed its motion after the close of pleadings, the Court regards the motion to dismiss as one for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *St. Paul Ramsey County Med. Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988). The Court declines to consider matters outside the pleadings and will analyze the motion as one for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).

Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the moving party is entitled to judgment as a matter of law. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002); *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001). A court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. *Faibisch*, 304 F.3d at 803; *Potthoff*, 245 F.3d at 715. The court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002); *see Westcott*, 901 F.2d at 1488. The court may consider the pleadings themselves, matters of public record, materials embraced by the pleadings, and exhibits attached to the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

A.     Count I:  Failure to pay earned compensation

Minnesota Statutes § 181.13(a) (2004) provides in relevant part:  "When any employer employing labor within this state discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable upon demand of the employee."  In this case, Rezac resigned.  USF did not discharge him.  Because USF did not discharge him, section 181.13 does not apply.  The Court therefore dismisses Count I insofar as Rezac relies on section 181.13.

Minnesota Statutes § 181.14 (2004) states:

> When any such employee quits or resigns employment, the wages or commissions earned and unpaid at the time the employee quits or resigns shall be paid in full not later than the first regularly scheduled payday following the employee's final day of employment, unless an employee is subject to a collective bargaining agreement with a different provision.

*Id*. § 181.14(a).  USF asserts that Rezac has no wages or commissions that were earned and unpaid when he resigned.  Section 181.14 does not define "wages."  The parties assume that the definition of wages in Minn. Stat. § 181.66 applies to section 181.14.  Section 181.66 defines "wages" as "all compensation for performance of services by an employee for an employer whether paid by the employer or another person including cash value of all compensation paid in any medium other than cash."  *Id*. § 181.66, subd. 4 (defining "wages" for the purpose of Minn. Stat. §§ 181.66-.71).  The Court assumes for present purposes that the definition provided by section 181.66 applies.  *Cf. Brekke v. THM Biomedical, Inc.*, 683 N.W.2d 771, 775 (Minn. 2004).

Rezac first alleges that USF violated section 181.14 by refusing to pay for expenses he submitted.  The Court does not interpret the act of reimbursing an employee for expenses to constitute "compensation for performance of services by an employee for an employer."

3

Accordingly, the Court dismisses Count I insofar as Rezac asserts that USF violated section 181.14 by failing to reimburse him for business expenses.

Next, Rezac alleges that USF violated section 181.14 by failing to compensate him for "Points of Focus" awards he earned while employed by USF. The rules[1] governing USF's "Points of Focus" program provide in relevant part:

> Because the Points of Focus Program is a reward and incentive program for associates to remain employed by Company, if a Points of Focus participant voluntarily leaves the company at any time during the Points of Focus program, all Points of Focus points will be forfeited and no redemptions allowed (unless otherwise prescribed by law).

In addition, the rules state that points have no cash value. In this case, Rezac resigned voluntarily. Under the terms of the "Points of Focus" program, he forfeited his points by resigning and the points have no cash value. Accordingly, the points do not constitute "wages or commissions earned and unpaid" within the meaning of section 181.14. The Court therefore dismisses Count I insofar as Rezac asserts that USF violated section 181.14 by failing to compensate him for "Points of Focus" awards.

Finally, Rezac alleges that USF violated section 181.14 by failing to compensate him for a bonus for the fourth quarter of 2003. USF argues that he did not earn the bonus within the meaning of section 181.14 before his resignation. Because section 181.14 does not define "earned," a court should consider the employer's compensation plan to determine whether an employee had earned a bonus before resigning. *See Holman v. CPT Corp.*, 457 N.W.2d 740, 743 (Minn. Ct. App. 1990). USF relies on matters outside the pleadings to establish the terms of its compensation plan. The Court declines to consider this material and concludes that Rezac's

---

[1] The Court's consideration of the rules governing USF's "Points of Focus" program does not require the transformation of this motion into one for summary judgment. The rules governing the program are embraced by Rezac's pleading. *See Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

counterclaim sufficiently alleges he earned a bonus before his resignation. Accordingly, the Court declines to dismiss Count I insofar as Rezac alleges that USF violated section 181.14 by failing to pay his bonus for the fourth quarter of 2003.

**B.     Count II:  Tortious interference with existing and prospective business relations**

Minnesota recognizes a cause of action for tortious interference with existing contractual relations. *United Wild Rice, Inc. v. Nelson*, 313 N.W.2d 628, 632 (Minn. 1982). The elements of the claim are: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages. *Kallok v. Medtronic, Inc.*, 573 N.W.2d 356, 362 (Minn. 1998); *Kjesbo v. Ricks*, 517 N.W.2d 585, 588 (Minn. 1994). Rezac does not allege facts in support of his counterclaim for tortious interference with existing contractual relations. Accordingly, the Court dismisses it. *See Wiles*, 280 F.3d at 870; *Westcott*, 901 F.2d at 1488.

Minnesota also recognizes a cause of action for tortious interference with prospective contractual relations. *United Wild Rice*, 313 N.W.2d at 632. Minnesota defines this cause of action as follows:

> One who intentionally and improperly interferes with another's prospective contractual relation (other than a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relations, whether the interference consists of
>
> (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
>
> (b) preventing the other from acquiring or continuing the prospective relation.

*Id*. at 632-33 (quoting Restatement (Second) of Torts §766B (1979)); *see Hunt v. Univ. of Minn.*, 465 N.W.2d 88, 95 (Minn. Ct. App. 1991) ("To establish a claim of tortious interference with a prospective business relationship, a plaintiff must prove the defendant intentionally

committed a wrongful act which improperly interfered with the prospective relationship."). Rezac does not allege facts to support the conclusion that USF intentionally and improperly interfered with his prospective business relations. Nor does he allege facts to support the conclusion that USF caused him to lose prospective customers. Accordingly, the Court dismisses his counterclaim for tortious interference with prospective contractual relations. *See Wiles*, 280 F.3d at 870; *Westcott*, 901 F.2d at 1488.

**C.     Motion for sanctions**

USF asserts that sanctions are appropriate for Rezac and his counsel's violations of Rule 11 of the Federal Rules of Civil Procedure. USF asserts that Rezac brought his counterclaims for an improper purpose in violation of Rule 11(b)(1). USF also asserts that Rezac brought counterclaims that are not warranted by law in violation of Rule 11(b)(2). The materials submitted in support of USF"s motion do not demonstrate that Rezac or his counsel brought counterclaims for an improper purpose. Accordingly, the Court denies USF's motion for sanctions insofar as it is based on Rule 11(b)(1).

Turning to Rule 11(b)(2), although the Court dismissed most of Rezac's counterclaims, the Court is not persuaded that their assertion violated the rule. As to his counterclaim for failure to pay earned compensation, the absence of a definition of "wages" as used in section 181.14 and the broad definition found in section 181.66 counsels against a finding that Rezac's counterclaim for failure to pay earned compensation merits sanctions. In addition, Rezac sufficiently alleged a claim for failure to pay a bonus. As to his counterclaim for tortious interference with existing and prospective business relations, Minnesota recognizes the claims. *See United Wild Rice*, 313 N.W.2d at 632. The Court is not persuaded that the deficient factual allegations merit sanctions. Under these circumstances, the Court declines to impose sanctions.

### III.     ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. USF's motion for judgment on the pleadings [Docket Nos. 68 & 86] is GRANTED IN PART and DENIED IN PART.

2. USF's Motion for Sanctions [Docket No. 95] is DENIED.

3. Count I of Rezac's counterclaims is DISMISSED insofar as Rezac alleges that USF violated Minn. Stat. § 181.13 and that USF violated Minn. Stat. § 181.14 by failing to reimburse his expenses and to compensate him for "Points of Focus" awards.

4. Count II of Rezac's counterclaims is DISMISSED.

Dated: July 15, 2005

                                                s/ Joan N. Ericksen_____
                                                JOAN N. ERICKSEN
                                                United States District Judge